

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
05/09/2011

| | | |
|---|---|---|
| IN RE: | § | Case No. 10-35438 |
| RONNIE C. EVANS, | § | Chapter 13 |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION

A chapter 13 debtor normally is not allowed to modify the contract terms on a loan secured by the debtor's principal residence. 11 U.S.C. § 1322(b)(2). But 11 U.S.C. § 1322(c)(2) provides an exception. Notwithstanding § 1322(b)(2), when "the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title." 11 U.S.C. § 1322(c)(2). That exception is applicable in this case.

Ronnie C. Evans' chapter 13 plan proposes to modify the interest rate on his mortgage loan with Chase Home Finance ("Chase"). Under Evans' contract on his mortgage loan, the last payment is due on July 1, 2012. The final payment under Evans' chapter 13 plan is due in July 2015. Evans' chapter 13 plan provides for paying the total amount due to Chase—$22,126.34—over the life of the debtor's chapter 13 plan. The plan also proposes to pay interest at the rate of 5.25%, rather than at the contract rate of 8.500%.

Because the last payment on the mortgage loan is due, under the contract terms, before the final payment under the plan, Evans may modify the interest rate on the loan pursuant to § 1325(a)(5). 11 U.S.C. § 1322(c)(2); *In re Golash*, 428 B.R. 189 (Bankr. W.D. Penn. 2010) (allowing modification of a mortgage interest rate where the mortgage would mature prior to the completion of the chapter 13 plan); *see Am. Gen. Fin., Inc. v. Paschen (In re Paschen)*, 296 F.3d

1203, 1209 (11th Cir. 2002) (allowing modification of claims secured by short-term home mortgages that mature prior to the completion of a debtor's chapter 13 plan). To meet the requirements of § 1325(a)(5), the appropriate rate of interest is determined by applying the formula approach laid out in *Till v. SCS Credit Corp.*, 541 U.S. 465, 478-79 (2004). *See Golash*, 428 B.R. at 191 (applying *Till* formula approach to modification of a mortgage interest rate).

At the confirmation hearing, the parties stipulated that the only issue remaining for resolution was whether Evans may modify the contractual rate of 8.500% to 5.25%. Chase does not assert that 5.25% is an inappropriate interest rate under the *Till* formula. The only contested issue, therefore, is whether the interest rate may be modified at all, not the appropriate rate if the rate is modified. The Court therefore rules that Evans may modify the interest rate under the loan to 5.25%.

A separate order will be issued.

SIGNED **May 9, 2011.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE